IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERVYN'S HOLDINGS, LLC, et al. | ) | Case No. 08-11586 (KG) |
| | ) | (*Jointly Administered*) |
| | ) | |
| Debtors. | ) | Re: Docket No. 563 and 634 |

## SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Christine Salamante, duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

On or before the 29th day of December, 2008, copies of the following documents were served per postal forwarding address via First Class Mail upon the service list attached hereto as **Exhibit C**:

- **Notice of Deadline for the Filing of Proofs of Claim** (*attached as* **Exhibit A**)

- **Proof of Claim Form** [Modified Form B10] (*attached as* **Exhibit B**)

Dated: January 23, 2009

_____
Christine Salamante

State of California, County of Los Angeles

Subscribed and sworn to (or affirmed) before me this 23rd day of January, 2009, by Christine Salamante, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

WITNESS my hand and official seal.

Signature: _____

GARY CHRISTENSEN
Commission # 1620624
Notary Public - California
Yolo County
My Comm. Expires Nov 12, 2009

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Mervyn's Holdings, LCC (7931); Mervyn's Brands, LLC (8850); and Mervyn's, LLC (4456). The address for all Debtors is 22301 Foothill Blvd, Hayward, California 95541.

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERVYN'S HOLDINGS, LLC, et al.,[1] | ) | Case No. 08-11586(KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## NOTICE OF DEADLINE FOR THE FILING OF PROOFS OF CLAIM
## (GENERAL BAR DATE IS JANUARY 9, 2009, AT 6:00 P.M., P.T.)

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

On July 29, 2008 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). A list of all the Debtors and their respective case numbers is attached hereto as Appendix A.

On October 22, 2008, the Court entered an order [Docket No. 634] (the "Bar Date Order") establishing **January 9, 2009, at 6:00 p.m. (prevailing Pacific time)** (the "General Bar Date"), as the general claims bar date for filing proofs of claim in the Debtors' Chapter 11 Cases for all persons and entities other than governmental units and **January 26, 2009, at 6:00 p.m. (prevailing Pacific time)** (the "Government Bar Date") as the bar date for governmental units to file proofs of claim in the Debtors' Chapter 11 Cases. As described below, the Bar Date Order also establishes different bar dates for other categories of claims.

For your convenience, enclosed with this Notice is a proof of claim form, which identifies on its face the amount, nature and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these Cases (collectively, the "Schedules").

As used in this Notice, the term "entity" has the meaning given to it in Section 101(15) of the Bankruptcy Code and includes all persons, estates, trusts, governmental units and the United States trustee. In addition, the terms "persons" and "governmental units" are defined in Sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "Claim" means, as to or against any of the Debtors and in accordance with Section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are Mervyn's Holdings, LLC (3405), Mervyn's LLC (4456) and Mervyn's Brands, LLC (8850).

equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

1. **THE BAR DATES**

The Bar Date Order establishes the following bar dates for filing proofs of claim in these Cases (the "Bar Dates"):

    (a)    The General Bar Date. Pursuant to the Bar Date Order, except as described below, all entities holding Claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these Cases on the Petition Date are required to file proofs of claim by the General Bar Date (i.e., by **January 9, 2009, at 6:00 p.m. (prevailing Pacific time)**). The General Bar Date applies to all types of Claims against the Debtors that arose prior to the Petition Date, including secured Claims, unsecured priority Claims (including, without limitation, Claims entitled to priority under Sections 507(a)(4), (5), and (8) and 503(b)(9) of the Bankruptcy Code) and general unsecured Claims.

    (b)    The Government Bar Date. Pursuant to the Bar Date Order, all governmental units holding Claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these Cases on the Petition Date are required to file proofs of claim by the Government Bar Date (i.e., by **January 26, 2009, at 6:00 p.m. (prevailing Pacific time)**). The Government Bar Date applies to all governmental units holding Claims against the Debtors (whether secured, unsecured priority, or general unsecured) that arose prior to the Petition Date, including, without limitation, governmental units with Claims against the Debtors for unpaid taxes, whether such Claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

    (c)    The Amended Schedules Bar Date. If, subsequent to the date of this Notice, a Debtor amends or supplements its Schedules to reduce the undisputed, noncontingent and liquidated amount of a Claim listed in the Schedules, to change the nature or classification of a Claim against a Debtor reflected in the Schedules or to add a new Claim to the Schedules, the affected creditor is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled Claim on or before the later of (i) the Bar Date applicable to such Claim and (ii) 20 days after the date that notice of the applicable amendment or supplement to the Schedules is served on the creditor. The later of these dates is referred to in this Notice as the "Amended Schedules Bar Date."

    (d)    The Rejection Bar Date. Any entity whose Claims arise out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with Section 365 of the Bankruptcy Code prior to the confirmation of a plan of reorganization in the applicable Debtor's Chapter 11 case, must file a proof of claim on or before the later of (i) the Bar Date applicable to such Claim and (ii) 30 days after the entry date of the order authorizing the Debtor's rejection

of the applicable contract or lease. The later of these dates is referred to in this Notice as the "Rejection Bar Date."

2. **WHO MUST FILE A PROOF OF CLAIM**

Unless one of the exceptions described in Section 5 below applies, you MUST file a proof of claim to vote on a Chapter 11 plan of reorganization or to share in distributions from the Debtors' bankruptcy estates if you have a Claim that arose or is deemed to have arisen prior to the Petition Date. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Except where the Rejection Bar Date, the Government Bar Date, or the Amended Schedules Bar Date applies to establish a different deadline or one of the exceptions in Section 5 applies, the following entities must file proofs of claim on or before the General Bar Date:

(a) any person or entity whose Claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as disputed, contingent or unliquidated, and who desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases; and

(b) any person or entity who believes that its Claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its Claim allowed in a classification or amount other than that identified in the Schedules.

3. **WHAT TO FILE**

The Debtors are enclosing a proof of claim form for use in these Cases, or you may use another proof of claim form that conforms substantially to Official Bankruptcy Form B10. If your Claim is scheduled by the Debtors, the attached proof of claim form also sets forth: (a) the amount of your Claim, if any, as scheduled by the Debtors; (b) the specific Debtor against which the Claim is scheduled; (c) whether your Claim is scheduled as disputed, contingent or unliquidated; and (d) whether your Claim is listed as a secured, unsecured priority or general unsecured Claim. You will receive a different proof of claim form for each Claim scheduled in your name by the Debtors. You may utilize the proof of claim form(s) provided by the Debtors to file your Claim. Additional proof of claim forms may be obtained at the following websites: http://www.kccllc.net/mervyns or http://www.uscourts.gov/bkforms.

All proof of claim forms must be **signed** by the creditor or, if the creditor is not an individual, by an authorized agent of the creditor. The proof of claim form must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the Claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Any entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor. In addition, any entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted. A

3

list of all the Debtors, together with their respective case numbers, is listed above. Any Claim filed in the joint administration case – Mervyn's Holdings, LLC, Case No. 08-11586 (KG) – or otherwise without identifying a Debtor will be deemed as filed only against Mervyn's Holdings, LLC. If more than one Debtor is listed on the form, the proof of claim will be treated as filed only against the first listed Debtor.

Under the Bar Date Order, the filing of a proof of claim form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority Claims under Section 503(b)(9) of the Bankruptcy Code. All other administrative Claims under Section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with Section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by proof of claim. No deadline has been established for the filing of administrative Claims other than Claims under Section 503(b)(9) of the Bankruptcy Code. **Claims under Section 503(b)(9) of the Bankruptcy Code must be filed by the General Bar Date.**

4. **WHEN AND WHERE TO FILE**

All proofs of claim must be submitted in person, by courier service, by hand delivery, or by mail so as to be received **on or before the applicable Bar Date**, at one of the following addresses:

> Mervyns Claims Processing
> c/o Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, California 90245

Proofs of claims will be collected, docketed and maintained by the Debtors' claims agent, Kurtzman Carson Consultants, LLC ("KCC"). If you wish to receive acknowledgement of KCC's receipt of a proof of claim, you must submit by the applicable Bar Date and concurrently with submitting your original proof of claim (a) a copy of the original proof of claim and (b) a self-addressed, postage prepaid return envelope.

Proofs of claim will be deemed filed only when **actually received** by KCC on or before the Bar Dates. **Proofs of claim may not be delivered by facsimile or electronic mail transmission.** Any facsimile or electronic mail submissions will not be accepted and will not be deemed filed until a proof of claim is submitted by one of the methods described above.

5. **WHO NEED NOT FILE A PROOF OF CLAIM**

The Bar Date Order further provides that the following entities, who otherwise would be subject to the General Bar Date, need not file proofs of claim in these Cases:

(a) any person or entity that already has filed a signed proof of claim against the applicable Debtor(s) with the Clerk of the Bankruptcy Court for the District of Delaware in a form substantially similar to Official Bankruptcy Form B10;

(b) any person or entity whose Claim is listed on the Schedules if (i) the Claim is not scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity

4

        agrees with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

(c)     a holder of a Claim that previously has been allowed by order of the Court;

(d)     a holder of a Claim that has been paid in full by any of the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

(e)     a holder of a Claim for which a specific deadline previously has been fixed by the Court;

(f)     any Debtor having a Claim against another Debtor;

(g)     any holder of a Claim allowable under Sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any Claim allowable under Section 503(b)(9) of the Bankruptcy Code);

(h)     any person or entity whose Claim is limited exclusively to the repayment of principal, interest, or other applicable fees and charges (a "<u>Prepetition Senior Loan Facility Claim</u>") on or under the Prepetition Senior Loan Facility; <u>provided, however</u>, that any such holder wishing to assert a Claim, other than a Prepetition Senior Loan Facility Claim, arising out of or relating to the Prepetition Senior Loan Facility is required to file a proof of claim on or before the General Bar Date, unless another exception in this paragraph applies; and

(i)     any person or entity whose Claim is limited exclusively to the repayment of principal, interest, or other applicable fees and charges (a "<u>SCSF Note Claim</u>") on or under the SCSF Note; <u>provided, however</u>, that any holder of the SCSF Note wishing to assert a Claim, other than a SCSF Note Claim, arising out of or relating to the SCSF Note is required to file a proof of claim on or before the General Bar Date, unless another exception in this paragraph applies.

## 6.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

As described in Section 1 above, any entity that has a Claim arising out of the rejection of an executory contract or unexpired lease prior to the confirmation of a plan of reorganization must file a proof of claim for damages caused by such rejection by the Rejection Bar Date.

7.  **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM, BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE, SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM THE FOLLOWING: (A) ASSERTING ANY CLAIM AGAINST THE DEBTORS THAT THE ENTITY HAS THAT (I) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT AND LIQUIDATED OR (II) IS OF A DIFFERENT NATURE OR A DIFFERENT CLASSIFICATION THAN ANY CLAIM IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY (ANY SUCH CLAIM BEING REFERRED TO IN THIS NOTICE AS AN "UNSCHEDULED CLAIM"); OR (B) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY PLAN OR PLANS OF REORGANIZATION IN THESE CHAPTER 11 CASES IN RESPECT OF AN UNSCHEDULED CLAIM.

8.  **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a Claim against one or more of the Debtors in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim forms regarding the nature, amount and status of your Claim(s). If you received postpetition payments from the Debtors (as authorized by the Court) on account of your Claim, the information on the enclosed proof of claim form may reflect the net remaining amount of your Claims. If the Debtors believe that you may hold Claims against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your Claim against one Debtor, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules. However, you may rely on the enclosed form, which sets forth the amount of your Claim, if any, as scheduled; identifies the Debtor against which it is scheduled; specifies whether your Claim is listed in the Schedules as disputed, contingent or unliquidated; and identifies whether your Claim is scheduled as a secured, unsecured priority or general unsecured Claim.

As described above, if you agree with the nature, amount and status of your Claim as listed in the Debtors' Schedules, and if you do not dispute that your Claim is only against the Debtor specified by the Debtors, and if your Claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

9.  **RESERVATION OF RIGHTS**

The Debtors reserve the right to (a) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability,

6

priority, classification or otherwise; (b) subsequently designate any scheduled Claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules. Nothing contained in this Notice shall preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

**10.    ADDITIONAL INFORMATION**

Copies of the Debtors' Schedules, the Bar Date Order and other information regarding the Debtors' Chapter 11 Cases are available for inspection free of charge on KCC's website at http://www.kccllc.net/mervyns. The Schedules and other filings in the Debtors' Chapter 11 Cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these Cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 8234 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, KCC, directly by letter: Mervyn's Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245; by email: kcc_mervyns@kccllc.com; or by phone: Mervyn's Claims Hotline, (888) 251-2679.

7

RLF1-3332939-1

A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.

Dated: _____, 2008  BY ORDER OF THE COURT
Wilmington, Delaware  THE HONORABLE KEVIN GROSS

Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Christopher M. Samis (No. 4909)
L. Katherine Good (No. 5101)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: collins@rlf.com
       defranceschi@rlf.com
       samis@rlf.com
       good@rlf.com

and

Howard S. Beltzer
Wendy S. Walker
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001
Email: hbeltzer@morganlewis.com
       wwalker@morganlewis.com

*Attorneys for the Debtors and
Debtors in Possession*

# APPENDIX A

## LIST OF THE DEBTORS AND THEIR CASE NUMBERS

| Debtor | Street Address | Zip Code | Mailing Address | Case Number |
|---|---|---|---|---|
| Mervyn's Holdings, LLC | 22301 Foothill Blvd. Hayward, California | 95541 | 22301 Foothill Blvd. Hayward, California 95541 | 08-11586 |
| Mervyn's LLC | 22301 Foothill Blvd. Hayward, California | 95541 | 22301 Foothill Blvd. Hayward, California 95541 | 08-11587 |
| Mervyn's Brands, LLC | 22301 Foothill Blvd. Hayward, California | 95541 | 22301 Foothill Blvd. Hayward, California 95541 | 08-11588 |

# Exhibit B

B 10 (Modified Form 10, Mervyn's Holdings, LLC) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | PROOF OF CLAIM | |
|---|---|---|
| Name of Debtor: | | Case Numb |

NOTE: *This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br><br>Telephone number: | Court Claim Number:_____<br>(*If known*)<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:** $_____<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:**_____<br>(See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtors business, whichever is earlier — 11 U.S.C. § 507(a)(4). |
| **3. Last four digits of any number by which creditor identifies debtor:**_____<br><br>3a. Debtor may have scheduled account as:_____<br>(See instruction #3a on reverse side.) | |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other<br>Describe:<br><br>Value of Property: $_____ Annual Interest Rate ___%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____ Basis for perfection:_____<br><br>Amount of Secured Claim: $_____ Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).<br><br>☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).<br><br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___). |
| **6. Claim Pursuant to 11 U.S.C. §503(b)(9)** $_____<br><br>☐ Check this box if you have a claim arising from your provision of goods to the Debtor in the ordinary course of the Debtor's business in the 20 days before _____, 2008. Attach documentation supporting such claim. | **Amount entitled to priority:**<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment |
| **7. Credits**: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>**8. Documents**: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | |
| **Date:** | Signature: the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | **FOR COURT USE ONLY** |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Modified Form 10, Mervyn's Holdings, LLC) (12/07)- Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

1. **Amount of Claim as of Date Case Filed:**
   State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

2. **Basis for Claim:**
   State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

3. **Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
   State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

   3a. **Debtor May Have Scheduled Account As:**
   Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

4. **Secured Claim.**
   Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

5. **Amount of Claim Entitled to Priority Under 11 U.S.C. §§ 507(a).**
   If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

6. **Claim Pursuant to 11 U.S.C. §503(b)(9)**
   Check this box if you have a claim arising from your provision of goods to the Debtor in the ordinary course of the Debtor's business in the 20 days before July 29, 2008. Attach documentation supporting such claim.

7. **Credits:**
   An authorized signature on this proof of claim serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

8. **Documents:**
   Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim form is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §§ 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

### _____INFORMATION_____

**Acknowledgement of Filing a Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website: **www.kccllc.net/mervyns**.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

# Exhibit C

Exhibit C
Case No. 08-11586
Service List

| CREDITOR NAME | CREDITOR NOTICE NAME | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| Laura Arreola | 90022279 | 1704 Theron Way | Modesto | CA | 95351-3063 |