# United States Bankruptcy Court
# District of Delaware

In Re: **MERVYN'S HOLDINGS, LLC et al.**
Case No: 08-11586

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

CLAIM NO. 4829 HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bank. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee:
**The Seaport Group LLC**

Name and address where notices to transferee
should be sent:

    The Seaport Group, LLC
    360 Madison Avenue, 22nd Floor
    New York, NY 10017
    Attn: Scott Friedberg

Phone: 212-616-7728
Last Four Digits of Acct #: N/A

Name of Transferor:
Kizan International, Inc.

Court Claim # (if known): 4829
Amount of Claim: $196,410.82
Date Claim Filed: 01/09/2009

Name and Address of Transferor:
    Kizan International, Inc.
    Attn: Kathy Liu
    100 W. Hill Drive
    Brisbane, CA 94005

Phone: 415-657-2245
Last Four Digits of Acct. #: N/A

Name and Address where transferee payments
Should be sent (if different from above):

Phone: N/A
Last Four Digits of Acct. #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/ Jonathan Silverman_
    Jonathan Silverman
    Chief Legal Counsel
    Transferee / Transferee's Agent

Date: 2/10/09

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both 18U.S.C .152 &3571

---

**--DEADLINE TO OBJECT TO TRANSFER--**

    The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

                                                **CLERK OF THE COURT**

ASSIGNMENT OF CLAIM AGREEMENT:

Kizan International, Inc., having a mailing address of, 100 West Hill Drive, Brisbane, CA 94005, ("Assignor"), in consideration of the sum ⟨⟩ (the "Purchase Price"), does hereby transfer to The Seaport Group LLC, having a mailing address at 360 Madison Avenue, New York, NY 10017 ("Assignee"), all of Assignor's right, title, benefit, interest, voting rights, claims and causes of action in and to, or arising under or in connection with the ADMINISTRATIVE claim or claims of Assignor against Mervyn's Holdings, LLC, (the "Debtor"), debtors in bankruptcy proceedings (the "Proceedings") in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No. 08-11586, in the currently outstanding amount of $196,410.82 including any and all ADMININSTRATIVE Proof(s) of Claim associated with or filed by Assignor with the Court and / or the Claims Agent (the "Claim") and; all cash, securities, instruments and other property which may be paid or issued in satisfaction of the Claim and all rights to receive interest, penalties, fees, and any damages from any cause of action of litigation which may be paid with respect to the Claim (the "Recovery"). The Claim includes all "Cure Amounts" as that term is defined in Section 365 of the US Bankruptcy Code. This Assignment of Claim agreement (the "Agreement") shall be deemed an unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

Assignor represents and warrants that (Please check one of the following):

[X] An ADMINISTRATIVE Proof of Claim in the amount of **$196,410.82** has been filed in the Proceedings (and a true copy of such Proof of Claim is attached to this Agreement). If the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

[ ] An ADMINISTRATIVE Proof of Claim has NOT been filed in the proceedings; however, a motion for allowance of a valid Administrative claim has been filed, the result of which is the Debtor acknowledging a timely demand for a 503b9 or other Administrative claim.

Assignor represents and warrants that the amount of the Claim is not less than $196,410.82, that the Claim is valid and that no objection to the Claims exists. Assignor further represents that Assignor has the requisite power and authority to execute, deliver, and perform this Agreement; that no payment or other distribution has been received by Assignor, or by any third party on behalf of Assignor, in full or partial satisfaction of the claim; that Assignor has not engaged in any acts, conducts or omissions that might result in Assignee receiving in respect of the Claim proportionately less payments or distributions or less favorable treatment than other Creditors of the same Class; that the

Claim is NOT subject to any financing agreement; that Assignor has not previously assigned, sold, or pledge the Claim to any third Party, in whole or in part; that Assignor owns and has title to the Claim free of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets, defenses, or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value.

Assignor is aware that the above Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization or liquidation. Assignor acknowledges that, except as set forth in this Agreement, neither Assignee nor any representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise), or any other matter relating to the Proceedings, the Debtor, or the Claim. Assignor represents and warrants that it has satisfactory information to make an informed decision regarding the sale of the Claim, independent of Assignee.

Assignor agrees to make to Assignee immediate proportional restitution of the above Purchase Price to the extent that the Claim is reduced, subordinated, disallowed, offset, set-off, objected to or otherwise impaired for any reason whatsoever, in whole or in part, together with interest at the rate of ten percent (10%) per annum on the amount repaid for the period form the date of this Assignment through the date such repayment is made. Assignor further agrees to reimburse Assignee for all costs and expenses, including reasonable legal fees and costs, incurred by assignee as a result of such disallowance. If any action is commenced, whether formally or informally, by the Debtor or any other Agent of the Estate that may have the result of disallowing or impairing the Claim in whole or in part and such action is NOT resolved within 90 days of such action being commenced, Assignee shall have the sole option to demand a termination of this Assignment Agreement and shall be entitled to restitution of the above Purchase Price plus ten percent (10%) per annum. Upon Assignee's receipt of these funds, Assignor and Assignee shall release each other of all and any obligations or liabilities regarding this Assignment of Claim.

In the event the Claim is ultimately allowed in an amount in excess of the amount purchased herein, Assignor is hereby deemed to sell to Assignee, and, at Assignee's option only, Assignee hereby agrees to purchase, the balance of said Claim at the same percentage of claim paid herein. Assignee shall remit such payment to Assignor upon Assignee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any objection by the Debtor.

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or hereafter may become, due and payable for or on account of the Claim herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and its rights there under pursuant to this Assignment of Claim. Assignor agrees that the powers granted by this paragraph are

discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to take such further action, as its own expense, as may be necessary or desirable to effect the assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions, and consents.

Assignor agrees to forward to Assignee all notices received from the Debtor, the Court, or any third party with respect to the Claim assigned herein and to vote the Claim, and to take such other action with respect to the Claim in the Proceedings as Assignee from time to time may request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instruments or any other property, shall constitute property of Assignee to which Assignee has an absolute right, and that Assignor will hold such property in trust and will, as its own expense, promptly (but in any event no later than five (5) business days) deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

The terms of this Assignment Agreement shall be binding upon, and shall inure to the benefit of and be enforceable by Assignor, Assignee and their respective successors and assigns.

Assignor hereby acknowledges that Assignee may at any time reassign the Claim, together with all right, title, and interest of Assignee in and to this Assignment of Claim. All representations and warranties made herein shall survive the execution and delivery of this Assignment of Claim and any such reassignment. This Assignment of Claim may be executed in counterparts and al such counterparts taken together shall be deemed to constitute a single agreement.

This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Claim may be brought in any State or Federal court located in the State of New York, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment of Claim, and in any action hereunder Assignor waives the right to demand a trial by jury.

CONSENT AND WAIVER:
Upon Assignor's delivery to Assignee of its executed signature page to this Assignment of Claim, Assignor hereby authorizes Assignee to file a notice of transfer pursuant to Rule 3001 (e) of the Federal Rules of Bankruptcy Procedure ("FRBP") with respect to the Claim, while Assignee performs its due diligence on the Claim. Assignee, at its sole option, may withdraw the transfer or subsequently transfer the Claim back to Assignor pursuant to Rule 3001 (e) of the FRBP if, in Assignee's sole and absolute discretion, Assignee determines that due diligence is not satisfactory. In the event Assignee

transfers the Claim back to Assignor or withdraws the transfer, at such time both Assignor and Assignee release each other of all and any obligation or liability regarding this Assignment of Claim. Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim and hereby waives (i) its right to raise any objection hereto, and (ii) its right to receive notice pursuant to Rule 3001 (e) of the FRBP.

Assignor and Assignee both agree that the consideration of the sum           for this assignment of claim agreement must be paid no later than February 17, 2009. If payment is not received by the Assignor by then, this agreement is null and void.

IN WITNESS WHEREOF, the undersigned Assignor hereunto set its hand this 4th day of February, 2009.

Assignor:
Kizan International, Inc.

By: _____
Name: KATHY LIU
Title: CHIEF FINANCIAL OFFICER


Assignee:
THE SEAPORT GROUP LLC

By: _____ 2/10/09
Name: Jonathan Silverman
Title: Chief Legal Counsel



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re: ) Chapter 11
)
MERVYN'S HOLDINGS, LLC, et al.,[1] ) Case No. 08-11586(KG)
)
Debtors. ) Jointly Administered

## FORM OF ADMINISTRATIVE CLAIM

(Form used for claims that arose on or after July 29, 2008 **and** prior to November 30, 2008)

1. NAME OF CLAIMANT: KIZAN INTERNATIONAL, INC.

2. Nature and description of goods and services provided to the Debtor(s) postpetition:

   Goods sold. Men's Slacks

3. Amount of claim based upon goods and services provided to the Debtor(s) postpetition:

   $196,410.82

4. Documentation supporting the claim is attached hereto as Exhibit A.

Date: Dec. 30, 2008

Signature: /s/ Kathy Y. Liu
Name: Kathy Y. Liu
Address: 100 West Hill Drive
Brisbane, CA 94005

Phone: 415/657-2245
Email: kliu@louisraphael.com
Fax: 415/468-9761

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are Mervyn's Holdings, LLC (3405), Mervyn's LLC (4456) and Mervyn's Brands, LLC (8850).

DB1/62275066.8

**RECEIVED**
JAN 0 5 2009
KURTZMAN CARSON CONSULTANTS