# United States Bankruptcy Court

## District of Delaware
In re: **Mervyn's Holdings, LLC**, Case No. 08-11586

Court ID (Court use only)_____

# NOTICE OF TRANSFER OF ADMINISTRATIVE CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(1), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| Name of Transferee<br>**Argo Partners**<br><br>Name and Address where notices and payments to transferee should be sent<br>**Argo Partners**<br>**12 West 37th Street, 9th Floor**<br>**New York, NY 10018**<br>Phone:<br>**(212) 643-5446** | Name of Transferor<br>**Development Specialist, Inc., for the benefit**<br>Of creditors of<br>**American Pacific Enterprises, LLC**<br>Court Record Address of Transferor<br>(Court Use Only)<br><br>Last Four Digits of Acct. #: _____<br><br>Name and Current Address of Transferor<br>**Development Specialist, Inc., for the benefit**<br>Of creditors of:<br>**American Pacific Enterprises, LLC**<br>Perkins Coie LLP<br>c/o Brian Audette \|<br>131 South Dearborn Street, Suite 1700<br>Chicago, IL 60603-5559<br><br>Phone:<br><br>Court Claim # (if known):<br><br>**Per Court Order (Docket #3150)**<br><br>Date Claim Filed: |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:/s/ Matthew V. Binstock         Date: 5/15/2009
Transferee/Transferee's Agent
*Penalty for making a false statement* Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U.S.C. §§ 152 & 3571

---

**~~DEADLINE TO OBJECT TO TRANSFER~~**

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____             _____

## ASSIGNMENT OF CLAIM

**Development Specialist, Inc.**, not personally or individually, but solely in its capacity as assignee for the benefit of creditors ("Assignor") of **American Pacific Enterprises, LLC** ("APE"), in consideration of the sum of ("Purchase Price"), does hereby transfer to Argo Partners, which includes Argo Partners II LLC and Argo Partners Fund III LLC, having an address at 12 West 37th Street, 9th Fl. New York, NY 10018 ("Assignee") all of Assignor's right, title and interest in and to the Allowed Administrative Expense Claim or claims of Assignor, as more specifically set forth (the "Claim") against **Mervyn's Holdings, LLC**, ("Debtor") Debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No. 08-11586 (jointly administered) in the currently outstanding amount of not less than $174,874.44. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

Assignor represents and warrants that a true and correct copy of an Agreed Order allowing the Claim in the amount of $174,874.44, which was allowed pursuant to 11 U.S.C § 503(b)(1) and (9) of the Bankruptcy Code, is attached hereto as **Exhibit A**.

Assignor represents and warrants that, to the best of its knowledge, information, and belief, and pursuant to the attached Agreed Order, the amount of the Claim is not less than **$174,874.44** and that the Claim in that amount is valid. Assignor further represents and warrants that Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part. Assignor further represents and warrants that, to the best of its knowledge, information, and belief, there are no offsets or defenses that may be asserted by or on behalf of the Debtor to reduce the amount of the Claim, and that, to the best of Assignor's knowledge, information and belief, there are no further liabilities to the Debtor or to any other third party relating to this Claim. Assignment is only for future distributions, if any.

Neither party hereto assumes or shall be responsible for any obligations or liabilities of the other party related to or in connection with this Assignment of Claim.

Assignor is aware that the above Purchase Price may differ from the amount ultimately to be distributed in the Proceedings with respect to the Claim. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor, or the Claim. Assignor represents that it has adequate information concerning the business and financial condition of the Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the court in the Proceedings), made its own analysis and decision to enter into this Assignment of Claim.

### CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim and hereby waives its right to raise any objections thereto and its right to receive notice pursuant to Rule 3001 of the Rules of Bankruptcy Procedure.

IN WITNESS WHEREOF, the undersigned Assignor hereunto sets its hand this __12th__ day of __May__ 2009.

By: _/s/ J C Wheeler_           __John Wheeler   Agent for Assignor__
    Signature                    Print Name/Title

__312-263-4141__                 __JWHEELER@DSI.BIZ__
Phone / Fax No.                  E-mail
__312-263-1180 Fax__

**Development Specialists, Inc.**, not individually or personally, but solely in its capacity as Assignee for the benefit of creditors of **American Pacific Enterprises, LLC**

IN WITNESS WHEREOF, the undersigned Assignee hereunto sets its hand this __13th__ day of __May__ 2009.

By: _/s/ Matt Binstock_
    ~~Paul S. Berg~~ Matt Binstock
    Argo Partners
    (212) 643-5457
    (212) 643-6401 Fax

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERVYN'S HOLDINGS, LLC, et al.,[1] | ) | Case No. 08-11586 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Re: Docket No. 733 |

**AGREED ORDER APPROVING MOTION FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM OF
AMERICAN PACIFIC ENTERPRISES LLC PURSUANT TO 11 U.S.C. § 503**

Upon *American Pacific Enterprises LLC's Motion to (1) Compel Reclamation Pursuant to 11 U.S.C. §546(c) and (2) for Allowance of Chapter 11 Administrative Expense Claim Pursuant to 11 U.S.C. §503* [Docket No. 733], filed October 29, 2008 (the "Motion") filed by American Pacific Enterprises, LLC ("APE") seeking allowance and payment of an administrative expense claim pursuant to 11 U.S.C. §§ 503(b)(9), 503(b)(1) and 11 U.S.C. § 507(a)(2); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the above-captioned debtors and debtors in possession having agreed to the entry of this Order; and due, adequate and sufficient notice of the Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED, that the Motion is granted, as modified by this Order; and it is further

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are Mervyn's Holdings, LLC (3405), Mervyn's LLC (4456) and Mervyn's Brands, LLC (8850).

RLF1-3378874-1

ORDERED, that APE shall be allowed (i) an administrative expense claim against Mervyn's LLC pursuant to 11 U.S.C. § 503(b)(9) in the amount of $26,424.84 (the "Allowed Prepetition Expense") and (ii) an administrative expense claim against Mervyn's LLC pursuant to 11 U.S.C. § 503(b)(1) in the amount of $148,449.60 (the "Allowed Postpetition Expense" and together with the Allowed Prepetition Expense, the "Allowed Administrative Expense Claim"); and it is further

ORDERED, that payment of the Allowed Administrative Expense Claim shall be made in accordance with the terms of the Chapter 11 plan ultimately confirmed in these Chapter 11 cases; provided, that, if there is a material adverse change to the financial circumstances of the above-captioned debtors and debtors in possession (the "Debtors") prior to the confirmation of a Chapter 11 plan, APE reserves its right to bring a motion to demand immediate payment of the Allowed Administrative Expense Claim, it being understood that the Debtors shall have the right to raise any objections at such time, and it is further

ORDERED, that this Order shall be binding upon (i) any liquidating trustee; plan administrator; distribution agent and/or any other responsible person appointed pursuant to any Chapter 11 plan confirmed in these cases; (ii) any Chapter 11 trustee appointed in these cases and/or (iii) any Chapter 7 trustee appointed or elected in these cases; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: March 19, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

2

RLF1-3378874-1