Form 210A (10/06)

# United States Bankruptcy Court
## District of Delaware

**In re:**     **Mervyn's Holdings, LLC,**
**Case No.**     **08-11586**

## NOTICE OF TRANSFER OF ADMINISTRATIVE CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or **deemed filed** under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to **Rule 3001(e)(2)**, Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

<u>Name of Transferee:</u>
**Fair Harbor Capital, LLC**
**As assignee of Colter Bay Design**

<u>Name of Transferor:</u>
**Colter Bay Design**

Name and Address where notices to transferee should be sent:

Court Claim # (if known): 5440
Amount of Claim: $313,252.71
Date Claim Filed:

    **Fair Harbor Capital, LLC**
    **Ansonia Finance Station**
    **PO Box 237037**
    **New York, NY 10023**

Name and Address of Transferor:

    Colter Bay Design
    314 Cedar Ln
    New Canaan, CT 06840

Phone:    212 967 4035
Last Four Digits of Acct #:    n/a

Phone:
Last Four Digits of Acct. #:    n/a

Name and Address where transferee payments should be sent (if different from above):

Phone:     n/a
Last Four Digits of Acct #:    n/a

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:     _/s/Fredric Glass_       Date:    March 25, 2011
    Transferee/Transferee's Agent

_Penalty for making a false statement:_ Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# United States Bankruptcy Court
## District of Delaware

**In re:** **Mervyn's Holdings, LLC,**
**Case No.** **08-11586**

## NOTICE OF TRANSFER OF ADMINISTRATIVE CLAIM OTHER THAN FOR SECURITY

### Claim No. 5440 (if known)

was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on March 25, 2011.

Name of Transferee:
**Fair Harbor Capital, LLC**
**As assignee of Colter Bay Design**

Name of Alleged Transferor:
**Colter Bay Design**

**Fair Harbor Capital, LLC**
**Ansonia Finance Station**
**PO Box 237037**
**New York, NY 10023**

Name and Address of Alleged Transferor:

Colter Bay Design
314 Cedar Ln
New Canaan, CT 06840

---

## ~DEADLINE TO OBJECT TO TRANSFER~

The transferor of claim named above is advised the this Notice of Transfer of Claim Other than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objection must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

_____
Clerk of the Court

```
------------------------------------------------X
In re:                                          :
                                                :   Chapter 11
        Mervyn's Holdings, LLC, et al.          :   Case No. 08-11586 (KG)
                                                :   (Jointly Administered)
                                                :
        Debtors.                                :   Amount $313,252.71
                                                :
------------------------------------------------X
```

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY AND WAIVER OF NOTICE

Bankruptcy Rule 3001(e)

Colter Bay Design Corp. ("Transferor") hereby sells, transfers and assigns on the Effective Date (defined below) in consideration of the sum of $ 1 (the "Purchase Price") to Fair Harbor Capital, LLC ("Transferee") the Claim (defined below) against the Debtors in the amount of $313,252.71 (the "Claim") allowed as a Postpetition Administrative Expense Claim (as defined in the Order (defined below)) pursuant to that certain Order Approving Stipulation for Allowance and Payment of Administrative Expense Claim of Colter Bay Design Corp., attached hereto as Exhibit A (the "Order"), entered on March 19, 2009 by the United States Bankruptcy Court for the District of Delaware (the "Court") in the Debtors' bankruptcy case In re: Mervyn's Holdings, LLC. et al. Chapter 11 Case No. 08-11586 (KG) (Jointly Administered) (the "Proceedings"), and all claims (including without limitation the proof of claim and Transferor's rights to receive all interest, penalties, and fees, if any, which may be paid with respect to the Claim and all other claims and causes of action related thereto against the Debtors, their affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing, and all cash, securities, instruments and other property which may be paid or issued by Debtors in satisfaction of the Claim). This Transfer of Claim Other Than for Security and Waiver of Notice (this "Transfer of Claim") and the transactions contemplated hereby shall become effective on the date (the "Effective Date") on which the following conditions have occurred: (i) the parties hereto have exchanged executed counterparts of this Transfer of Claim, transmitted in accordance with the terms of this Transfer of Claim and (ii) Transferor shall have received payment of the Purchase Price from Transferee by wire transfer of immediately available funds to Transferor's account set forth on Schedule 1 hereto. If Transferor does not receive payment of the Purchase Price from Transferee within two (2) business days' of submission to Transferee of such counterpart executed on behalf of Transferor, this Transfer of Claim shall be null and void and of no force or effect. The Claim is based on amounts owed to Transferor by Debtors and this transfer shall be deemed an absolute and unconditional transfer of the Claim for the purpose of collection and shall not be deemed to create a security interest. Transferee is not obligated to file any application, motion, proof of claim or other document with the Court with regard to the Claim.

Transferor represents and warrants that the Claim has not been previously objected to, sold, or satisfied and that there are no offsets, defenses or preferential payments that have been asserted by or on behalf of Debtors or any other party to reduce the amount of the Claim or to impair its value.

Transferor hereby authorizes Transferee to file a notice of transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure ("FRBP") with respect to the Claim. Transferor hereby acknowledges and consents to all of the terms set forth in this Transfer of Claim and hereby waives (i) its right to raise any objection hereto, and (ii) its right to receive notice pursuant to Rule 3001(e) of the FRBP. Transferor hereby acknowledges that Transferee may at any time reassign the Claim, together with all right, title and interest of Transferee in the Claim. All representations and warranties made herein shall survive the execution and delivery of this Transfer of Claim and any such reassignment.

Transferee hereby acknowledges and agrees, for the benefit of Transferor, that (i) it assumes all risks associated with Debtors' ability to distribute funds, (ii) except as specifically set forth herein, the purchase and sale of the Claim is "AS IS" and without recourse to Transferor and (iii) except as specifically set forth herein, Transferor makes no representation or warranty with respect to the Claim. Transferor agrees to deliver to Transferee any correspondence or payments received subsequent to the Effective Date to the Transferee at its address, electronic mail, facsimile number, or account, as applicable, specified on Schedule 1 hereto. On or after the Effective Date, the clerk of the Court is authorized to substitute Transferee for Transferor for all purposes in the Proceedings with respect to the Claim.

This Transfer of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Transfer of Claim shall be brought in any State or Federal court located in the State of New York, and the parties hereto consent to and confer personal jurisdiction over, and submit to, such courts and agree that service of process may be made by mailing a copy of said process to the relevant party at the address set forth on Schedule 1 hereto, and in any action hereunder the parties waive the right to demand a trial by jury.

This Transfer of Claim may be executed in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one (1) and the same instrument. Transmission by telecopier, facsimile or other form of electronic transmission of an executed counterpart of this Transfer of Claim shall be deemed to constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this Transfer of Claim shall be deemed to be a duplicate original.

This Transfer of Claim constitutes the entire agreement of the parties hereto with respect to the transactions contemplated hereby and supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, representations and warranties in respect thereof, all of which have become merged and finally integrated into this Transfer of Claim.

No amendment of any provision of this Transfer of Claim shall be effective unless it is in writing and signed by the parties hereto, and no waiver of any provision of this Transfer of Claim, nor consent to any departure by either party hereto from it, shall be effective unless it is in writing and signed by the affected party, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

TRANSFEROR:
Colter Bay Design
Corp.

Signature:

Date: 3/15/11

Michael Anekstein

TRANSFEREE:
Fair Harbor Capital, LLC

Signature:

Fredric Glass, Member Fair Harbor Capital, LLC

Victor Knox

**EXHIBIT A**

The Order

(Attached)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **MERVYN'S HOLDINGS, LLC, et al.,**[1] | ) | **Case No. 08-11586 (KG)** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |
| | | Re: Docket No. 3144 |

## ORDER APPROVING STIPULATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM OF COLTER BAY DESIGN CORP.

AND NOW, upon consideration of the foregoing Stipulation[2], and good cause appearing

for the approval thereof, it is hereby:

ORDERED, that the Stipulation attached hereto as <u>Exhibit A</u> is APPROVED; and it is

further

ORDERED, the Court shall retain jurisdiction over the implementation and enforcement

of the Stipulation and this Order.

Dated: **March 19** 2009
Wilmington, Delaware



THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are Mervyn's Holdings, LLC (3405), Mervyn's LLC (4456) and Mervyn's Brands, LLC (8850).

[2] Terms not defined herein shall have the meanings attributed to them in the Stipulation.

RLF1-3378871-1

081158609032000000000003

# EXHIBIT A

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **MERVYN'S HOLDINGS, LLC, et al.,**[1] | ) | **Case No. 08-11586 (KG)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |
| | ) | |

### STIPULATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM OF COLTER BAY DESIGN CORP.

Colter Bay Design Corp. ("Colter Bay") and the above-captioned debtors and debtors in possession (the "Debtors") hereby stipulate as follows:

### RECITALS

A.     Within the twenty days prior to July 29, 2008, the Debtors received goods from Colter Bay in the aggregate amount of $231,452.59.

B.     On or after the July 29, 2008, Colter Bay provided the Debtors with goods in the aggregate amount of $313,252.71.

C.     The Debtors and Colter Bay HEREBY STIPULATE AND AGREE as follows:

### AGREEMENT

1.     The Recitals are true and correct and are incorporated herein by reference.

2.     This Stipulation is subject to Bankruptcy Court approval and shall be of no force and effect unless and until approved by the Bankruptcy Court.

3.     Colter Bay shall be allowed (i) an administrative expense claim against Mervyn's LLC pursuant to 11 U.S.C. § 503(b)(9) in the amount of $231,452.59 (the "Prepetition Administrative Expense Claim") and (ii) an administrative expense claim pursuant to 11 U.S.C.

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are Mervyn's Holdings, LLC (3405), Mervyn's LLC (4456) and Mervyn's Brands, LLC (8850).

§§ 503(b)(1) and 507(a)(2) in the amount of $313,252.71 (the "Postpetition Administrative Expense Claim" and together with the Prepetition Administrative Expense Claim, the "Allowed Administrative Expense Claims").

4. Payment of the Allowed Administrative Expense Claims shall be paid as follows: (i) in the event that, prior to confirmation of any chapter 11 plan, the Debtors make payments to any creditors on account of any administrative expense claims arising pursuant to the sale of goods to the Debtors, Colter Bay shall receive payment on similar terms on account of the Allowed Administrative Expenses Claims or (ii) in the event that, prior to confirmation of any chapter 11 plan, the Debtors do not make payments to any creditors on account of administrative expense claims arising pursuant to the sale of goods to the Debtors, Colter Bay shall be entitled to payment on account of the Allowed Administrative Expense Claims in accordance with the terms of the chapter 11 plan ultimately confirmed in these chapter 11 cases and on the effective date of such plan.

5. This Stipulation shall be binding upon (i) any liquidating trustee; plan administrator; distribution agent and/or any other responsible person appointed pursuant to any chapter 11 plan confirmed in these cases; (ii) any chapter 11 trustee appointed in these cases and/or (iii) any chapter 7 trustee appointed or elected in these cases.

Dated: [illegible], 2004
Wilmington, Delaware

Respectfully submitted,

_____
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Christopher M. Samis (No. 4909)
L. Katherine Good (No. 5101)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: collins@rlf.com
         defranceschi@rlf.com
         samis@rlf.com
         good@rlf.com

and

Howard S. Beltzer
Wendy S. Walker
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001
Email: hbeltzer@morganlewis.com
         wwalker@morganlewis.com

Attorneys for the Debtors and
Debtors in Possession

_____
Kenny N. Byland, Esq. (KB-1059)
Steven M. Golub, Esq. (SG-3692)
GOLUB & GOLUB, LLP
225 Broadway, 13th Floor
New York, New York 10007
Telephone: (212) 693-1000
Facsimile: (212) 693-0090
Email: sgolub@golublaw.com
         kbbyland@golublaw.com

Attorneys for Cotter Bay Design Corp.

RLF1-2848597-1