# United States Bankruptcy Court
## District of Delaware

In re Mervyn's Holdings, LLC, *et al.*　　　　Case No. 08-11586 (KG)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111 (a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim references in this evidence and notice.

| | |
|---|---|
| The Insurance Company of the State of Pennsylvania | The Warnaco Group, Inc. |
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent: | Court Claim # (if known): 6977<br>Amount of Claim: $1,534,960.19<br>Date Claim Filed: March 13, 2009 |
| The Insurance Company<br>of the State of Pennsylvania<br>c/o SILVERMANACAMPORA, LLP<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>Attn: Adam L. Rosen | |
| Phone: (516) 479-6300<br>Last Four Digits of Acct #:_____ | Phone:<br>Last Four Digits of Acct #:_____ |
| Name and Address where transferee payments should be sent (if different from above): | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____　　　　Date: August 16, 2011
　　Adam L. Rosen
**SILVERMANACAMPORA LLP**
Attorneys for the Insurance Company
of the State of Pennsylvania

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

BP/975394.1/055476

# Release and Assignment Agreement
## Insured: The Warnaco Group, Inc.
## Policy No. 813-0777

WHEREAS, The Insurance Company of the State of Pennsylvania (the Company) issued a Insolvency Risk Insurance – Shipments Form No. 813-0777 effective October 1st, 2007 to October 1st, 2008 (the "Policy"), to The Warnaco Group, Inc. (the "Insured");

AND WHEREAS, the Insured did submit a Claim under the Policy relating to certain transactions between the Insured and Boscov's Department Stores LLC as well as certain of the Insured's transactions with Mervyn's LLC (hereafter the "Claim" and the "Buyers");

AND WHEREAS, the Loss is defined in the Policy as the invoice values unpaid by the Buyer and established as valid and legally sustainable obligations of the Buyers due to the Insured.

AND WHEREAS, the Policy contains an Insured Percentage of Ninety (90%) such amount to be borne by the Company.

AND WHEREAS, the Policy stipulates that the Insured may be paid an amount equal to 75% of the Claim Payment in the event that the Buyer's debt is not established as the correct amount owing by the appropriate authority, with the remaining 25% to be paid upon receipt of such confirmation.

NOW THEREFORE, the Company agrees to pay US $722,892.77 for the Claim, calculated as follows (hereafter the "Claim Payment"):

| | |
|---|---|
| Boscov's Department Store LLC | $676,889.21 |
| Mervyn's LLC | $1,394,063.04 |
| **Total Eligible** | **$2,070,952.25** |
| Less Deductible | $1,000,000.00 |
| **Balance** | **$1,070,952.25** |
| Insured Percentage | 90% |
| **Claim Payment** | **$963,857.03** |
| **Amount Eligible to pay as of October 2nd, 2008** | **$722,892.77** |

NOW THEREFORE, in consideration of the Claim Payment to the Insured by the Company:

1) The Insured on behalf of itself and any of its parent or affiliated or subsidiary entities, agents, employees, owners, managers, representatives, predecessors, divisions, beneficiaries, insurers and attorneys hereby fully releases the Company, the Company's parent or affiliated or subsidiary entities, agents, employees, owners, managers, representatives, partners, joint venturers, members, directors, officers, shareholders, assignors, assignees, predecessors, successors, divisions, beneficiaries and reinsurers from any and all debts, claims, demands, damages, liabilities, obligations, and/or losses, actions and causes of action of whatsoever character and description whether known or unknown, direct or indirect, fixed or contingent, asserted or

unasserted which the Insured ever had, now has or hereafter can, shall or may have, for, upon, or by reason of a loss arising out of the Claim;

2). The Insured does hereby assign, transfer and set over to the Company, their successor and assigns, all sums of money now due, or to become due from the Buyer identified herein, and any and all contracts, security and evidences of indebtedness relating thereto, to have and to hold the same, with full power to collect and enforce the same, for their own use and benefit by any action or proceeding in the name of the Insured or otherwise, and to take all legal steps as they deem proper or necessary in connection herewith, and will share recoveries as provided for in the terms and conditions of the Policy.

3) If any amount claimed is not accepted by reason of a claim of a dispute or offset by a Buyer or its successor in bankruptcy (the "Unaccepted Amount"), upon written request of the Company, the Insured agrees to refund that part of the Claim Payment effected by the Unaccepted Amount within sixty (60) days of receipt of said written request by the Company.

4) All sums received from the Buyer or any other party as or toward payment of the Buyer's indebtedness to the Insured, and all sums received from any other party to acquire the rights to the Buyer's indebtedness, shall immediately be paid to the Company and shared at the Insured Percentage until the amount of the Company's Partial Claim Payment and the Company's costs of recovery are fully reimbursed, all further sums to inure to the benefit of the Insured;

5) The Insured hereby agrees to provide all reasonable cooperation to the Company with respect to any attempt the Company may make to sell, collect and/or enforce the Buyer's indebtedness. The Insured shall do everything that may be reasonably necessary to allow the Company to sell, collect and/or enforce the Buyer's indebtedness, including, but not limited to, executing all papers furnished by the Company, the Buyer, or a third party which are required or necessary to enable the Company to effectively bring suit in the name of the Insured or sell the indebtedness. By executing this release and assignment, the Insured hereby authorizes the Company to execute all documents that may be necessary to pursue said Buyer indebtedness or to assign, sell, or transfer the indebtedness;

6) The Insured hereby agrees to forward to the Company the notice from the Buyer, the Buyer's Receiver(s), Trustee(s), the Court, or other duly constituted authority, of the acknowledgment of a Loss within Thirty (30) business days of receipt; regardless of whether or not these amounts are different from the amounts of accounts receivable that the Insured believes are owed or has filed as the Claims;

7) The Insured represents and warrants that as of the date that the Buyer filed for bankruptcy, no further accounts receivable in connection with the Buyer are included in or covered by the Policy;

8) The Insured hereby represents that it has not assigned, sold, or transferred in any way whatsoever any of its rights, privileges and claims with respect to the debts;

9) The Insured hereby represents and warrants that it has good and valid legal title to the rights, privileges and claims which are the subject of this release and assignment, and that the claims of the Insured against the Buyer are not subject to offset or counter claim;

10) The Insured represents and warrants that there has not been and that there is not outstanding and unsettled, any dispute or any issue raised by the Buyer regarding claims of the Insured against the Buyer;

11) The Insured certifies that it has not granted or paid, agreed to grant or pay or caused to be granted or paid to the Buyer or to any other person or entity any discount, allowance, rebate, commission, fee or other payment in connection with the Claims of the Insured against the Buyer up to the Buyer Limit;

This Release may not be changed orally.

The Warnaco Group, Inc.

IN WITNESS THEREOF, the Insured has caused this instrument to be signed and sealed this _____ Day of _____, 20___.

By: _____
Authorized Representative

Title: Chief Financial Officer

STATE OF New York, COUNTY OF Nassau :

On October 14th, 2008, before me appeared Lawrence R. Rutkowski

Margaret M. Van Dyke
Notarization

**MARGARET M. VAN DYKE**
Notary Public, State of New York
No. 01VA4738319
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires June 30, 20 11

# United States Bankruptcy Court
## District of Delaware

In re Mervyn's Holdings, LLC, *et al.*   Case No. 08-11586 (KG)

**NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY**

Claim No. <u>6977</u> (if known) was filed under U.S.C. §1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on _____ (date).

| | |
|---|---|
| <u>The Warnaco Group</u> | <u>The Insurance Company of the State of Pennsylvania</u> |
| Name of Alleged Transferor | Name of Transferee |
| | |
| Address of Alleged Transferor: | Address of Transferee: |
| | |
| Warnaco<br>470 Wheelers Farms Rd.<br>Milford, CT 06461<br>Attn: Lawrence Rutkowski, CFO | The Insurance Company<br>of the State of Pennsylvania<br>c/o SILVERMANACAMPORA, LLP<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>Attn: Adam L. Rosen |

**~DEADLINE TO OBJECT TO TRANSFER~**

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

_____
**CLERK OF THE COURT**

BP/975394.1/055476