## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| MERVYN'S HOLDINGS, LLC, et al., | ) | Case No. 08-11586 (KG) |
| | ) | |
| Debtors. | ) | |

## MEMORANDUM OPINION

The Court hereby addresses the Debtors' objection to the claims of John Navroth, II (the "Objection"). D.I. 4728. The facts and circumstances mandate that the Court grant relief to Debtors.

## FACTS

John Navroth, II ("Claimant") filed Claim No. 3283 (the "Initial Claim") on January 2, 2009, in the amount of $671,759.86 - a general unsecured component of $635,000 and a $36,759.86 priority component. Thereafter, Claimant filed Claims No. 7228, 7479, 7493, 7498, 7511 and 7528, (the "Amended Claims") beginning on June 15, 2009, received by the claims agent on June 17, 2009.

The Court had earlier set a claims bar date of January 9, 2009 (the "Bar Date"). See Order, dated October 21, 2008 (the "Bar Order"). D.I. 634. The Claimant therefore filed the Amended Claims after the Bar Date.

In the Initial Claim, Claimant seeks damages for alleged injuries from a work related accident (dropping a folding table on his foot). The Initial Claim includes allegations of and requests for compensation for physical and emotional suffering and demands for payment of vacation, sick and personal holiday time. The alleged incident occurred in California prior to Debtors' bankruptcy. Importantly, Claimant filed a statutory workers' compensation proceeding (the "State Proceeding") prior to the commencement of the bankruptcy case.

The Amended Claims contain allegations of breaches of fiduciary duties, discrimination,

employment discrimination, interference with contractual relations and interference with prospective business advantage. The Amended Claims increase the total sum Claimant seeks to in excess of $21 million. Claimant also alleges that the Amended Claims are secured.

## RULINGS[1]

1.  The Amendments are untimely and therefore void, as they were filed after the General Bar Date of January 9, 2009. Claimant's only timely filed claim is Claim No. 3283 in the amount of $671,759.86 ($36,759.86 priority general unsecured and $635,000 general unsecured). *See In re New Century TRS Holdings, Inc.*, 465 B.R. 38, 46 (Bankr. D. Del. 2012) (the claims bar date is a "drop dead" date absent excusable neglect); *In re SemCrude, L.P.*, 443 B.R. 472, 477 (Bankr. D. Del. 2001) (post-bar date amendments must not be attempts to file new claims). The Amendments are clearly new claims filed after the Bar Date and are therefore void. The Court carefully reviewed the Amended Claims against the Initial Claim and it is beyond any doubt that the Amended Claims are not related to the Initial Claim.

2.  The Initial Claim is the only remaining claim. The Court fully agrees with Debtors that the Court should abstain from hearing the Initial Claim. 28 U.S.C. § 1334(c)(I) directs the Court to consider exercising its discretion to abstain from hearing a matter arising under the Bankruptcy Code or arising in or related to a bankruptcy case, in "the interest of justice, or in the interest of comity with State courts or respect for State law." Courts generally apply a twelve factor test in

---

[1]  Debtors argue that they are entitled to summary judgment in their favor on Claimants allegations of willful misconduct and fraudulent concealment. The Court is not prepared to entertain Debtors' request for summary judgment because Debtors did not provide notice or grounds to Claimant in advance of Claimant's response papers. Moreover, it is not necessary for the Court to reach the substantive merits of the Initial Claim, since the Court finds that its abstention is necessary in the interests of justice.

2

determining whether or not to abstain *In re LaRoche Indus.*, 312 B.R. 249, 253-254 (Bankr. D. Del. 2004). Of the twelve factors, three are considered more substantial than the others. *In re Fruit of the Loom*, 407 B.R. 593, 600 (Bankr. D. Del. 2009). The Court will therefore discuss the applicability of the three factors which deserve the greatest weight. It is abundantly clear to the Court that the analysis of these factors demands the Court's abstention.

### 1. Effect on administration of the estate.

Abstention will limit the necessary tribunals to one, the California Workers' Compensation Board ("CWCB") in the State Proceeding. Were the Court to hear the Initial Claim, it could determine the validity but not the amount. The District Court would have to determine the amount. *In re Amtrol*, 384 B.R.686, 690 (Bankr. D. Del. 2008). The estate would therefore have to litigate in two courts, an obvious burden and waste of judicial resources.

### 2. Predominance of state law issues.

The Initial Claim, which is the sole remaining claim, raises only California workers' compensation law. Abstention is therefore wholly proper. *Fruit of the Loom*, 407 B.R. at 600, 602; *In re Holiday RV Stores, Inc.*, 362 B.R. 126, 130-31 (D. Del. 2007).

### 3. The remaining claim is substantively non-core.

The remaining claim is substantively non-core. The United States Court of Appeals for the Third Circuit has explained that a claim is "core" if it "invokes a substantive right provided by the [Bankruptcy Code] or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Torkelson v. Maggio* (*In re Guild & Gallery Plus, Inc.*), 72 F.3d 1171, 1178 (3d Cir. 1996). Otherwise, it is "non-core." *Id.* The state law injury claim which comprises the Initial Claim is clearly non-core.

**4.  Factors**

The analysis of the remaining listed factors also weigh heavily in favor of abstention.

- Difficult or unsettled nature of applicable state law.

- Jurisdictional basis other than 28 U.S.C. § 1334.

- Relatedness between Initial Claim and bankruptcy

- Feasibility of severing state law claims from core bankruptcy matters.

- Burden on Court's docket.

- Likelihood that commencement of bankruptcy case involves forum shopping.

- Existence of right to jury trial.

- Presence of non-debtor parties.

**CONCLUSION**

For the foregoing reasons, the Court will enter an Order dismissing the Amended Claims and abstaining from hearing the Initial Claim and thereby deferring to the State Proceeding.

Dated: January 17, 2013

KEVIN GROSS, U.S.B.J.

4